60 F.3d 823
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Dorothy KNIGHT, Plaintiff--Appellant,
v.
John DALTON, in his official capacity as Secretary of the
Department of the Navy, Defendant--Appellee.
 No. 94-2042.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 4, 1995.
Decided: July 11, 1995.
 
 ARGUED: Neil Curtis Bonney, Neil C. Bonney & Associates, Virginia Beach, VA, for appellant. Jeri Kaylene Somers, Asst. U.S. Atty., Alexandria, VA, for appellee. ON BRIEF: Helen F. Fahey, U.S. Atty., Alexandria, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and NIEMEYER and MOTZ, Circuit Judges.
 PER CURIAM:
 
 
 1
 Dorothy Knight, an African American female, sustained back injuries while working as a "Rigger Helper" in the rigger shop at the Norfolk Naval Shipyard. In 1988 she was temporarily reassigned during the period of her disability to the Shipyard's Special Projects Work Center where she worked as a material expediter/ dispatcher. Work at the Special Projects Work Center is not formally part of an employee's work; rather, the Center accommodates employees such as Knight who can continue to work only on restricted duty. While assigned to the Center, an employee remains formally employed with the unit out of which he or she was temporarily reassigned.
 
 
 2
 During her temporary assignment to the Special Projects Work Center, Knight was terminated by the Shipyard in August 1991 as part of a reduction in force. She was selected for termination based in part on her most recent performance at her permanent assignment as a Rigger Helper, not her temporary assignment as an expediter/dispatcher. Because her performance at her temporary assignment was better than her prior performance at her permanent position, she contends the Navy should have evaluated her on the basis of the former. She argues that she might not have been terminated if the Navy considered her performance as an expediter/ dispatcher. She claims that the Navy's policy of utilizing performance ratings only from an employee's permanent position discriminated against her in that it had a disparate impact on minority and disabled employees.
 
 
 3
 In September 1993 Knight sued the Secretary of the Navy under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. Sec. 2000e et seq. (West 1994) and under the Rehabilitation Act of 1973, 29 U.S.C. Sec. 701 et seq. Following a bench trial, the district court found no discrimination and entered judgment for the Secretary. This appeal followed.
 
 
 4
 We have carefully reviewed the record and considered the arguments presented by Knight in her brief and at oral argument. For the reasons given by the district court in its Memorandum Opinion of July 25, 1994 in Knight v. Dalton, Civil Action 2:93cv925 (E.D.Va.1994), we affirm.
 
 
 5
 AFFIRMED.